IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT A. LANE, )
    Plaintiff, )
) 03-12434 NG
v. )
)
CAVALRY INVESTMENTS, LLC )
    Defendants. )

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337.

## PARTIES

3. Plaintiff is a natural person residing in Winthrop, Massachusetts, and is a "consumer" as that term is defined in FDCPA § 1692a(3).

4. Defendant Cavalry Investments, LLC (hereafter "Cavalry") is a Delaware limited liability corporation with a place of business at 3033 North 44th Street, Phoenix, Arizona and is engaged, *inter alia*, in the business of collecting debts in Massachusetts. Defendant regularly attempts to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6)

5. On information and belief, Defendant's agents were at all times relevant herein employees or agents of Defendant acting within the scope of their employment or agency.

6. Defendant is not licensed in the Commonwealth of Massachusetts with the Division of Banks and Loans, as required by M.G.L. ch. 93 §§ 24-28 and 209 CMR 18.00.

## FACTUAL ALLEGATIONS

7. On or about March 5, 2003, Defendant sent a letter to Plaintiff demanding payment of a debt allegedly owed to Americredit. This letter was the first communication by Defendant to Plaintiff. A copy of this letter is attached hereto as **Exhibit 1**.

8. Defendant's March 5, 2003 letter did not contain the written disclosures described in and required by FDCPA § 1602g(a).

9. The alleged debt does not belong to Plaintiff and Plaintiff does not owe the alleged debt.

10. On or about March 24, 2003 Plaintiff mailed a letter to Defendant disputing the alleged debt and requesting verification of the alleged debt. A copy of this letter is attached hereto as **Exhibit 2**.

11. On or about July 21, 2003 Defendant mailed to Plaintiff a letter and documents concerning the alleged debt that clearly demonstrate that the alleged debt is not Plaintiff's.

12. On or about October 28, 2003, Defendant's agent telephoned Plaintiff and left a message on his voice mail requesting him to call "immediately" to "our firm" about a "very important matter that we have received today," describing a "case number" and stating that Plaintiff's "payroll department at [his] job" wanted Defendant to try to contact Plaintiff before

Defendant "faxed over" information. Defendant's agent did not identify herself nor did she identify Defendant in the message left on Plaintiff's voice mail.

13. At the time of this telephone call, Plaintiff was unemployed.

14. On or about October 29, 2003, Defendant's agent telephoned Plaintiff and left a message on his voice mail stating that it was "imperative" that she speak to him "as soon as possible." Defendant's agent did not identify Defendant in the message left on Plaintiff's voice mail.

15. On or about October 30, 2003, Plaintiff contacted Defendant's agent who stated that Defendant was contacted by Trans Union, Equifax and "TRW" because the alleged debt was on Plaintiff's credit report.

16. At all relevant times the statute of limitations on the alleged debt had expired.

17. On information and belief, the alleged debt is a consumer "debt" as that term is defined in FDCPA § 1692a(5).

## COUNT I --FDCPA

18. Plaintiff realleges paragraphs 1-17 above.

19. Defendant's conduct has violated FDCPA §§ 1692d, 1692e, 1692f and 1692g.

## PLAINTIFF'S DAMAGES

20. As a result of Defendant's acts and practices described above, the Plaintiff suffered actual damages.

21. Plaintiff is entitled to his actual damages, an award of statutory damages, costs and attorney's fees pursuant to FDCPA § 1692k.

WHEREFORE, Plaintiff respectfully requests that this Court:

A.   Enter judgment for the Plaintiff against Defendant in the amount of his actual damages;

B.   Enter judgment for the Plaintiff against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k;

C.   Award the Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D.   Grant such other and further relief as may be just and proper.

> Robert A. Lane, Plaintiff
> by his Attorney,
>
> *[signature]*
> Yvonne W. Rosmarin  BBO #566428
> Law Office of Yvonne W. Rosmarin
> 58 Medford Street
> Arlington, MA 02474
> 781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

*[signature]*
Yvonne W. Rosmarin

4