IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT A. LANE,  )
    Plaintiff,  )
        )
v.  )  No. 03-12434 NG
        )
CAVALRY INVESTMENTS, LLC and  )
CAVALRY PORTFOLIO SERVICES, LLC  )
    Defendants.  )

## AMENDED COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337.

### PARTIES

3. Plaintiff is a natural person residing in Winthrop, Massachusetts, and is a "consumer" as that term is defined in FDCPA § 1692a(3).

4. Defendant Cavalry Investments, LLC (hereafter "Cavalry Investments") is a Delaware limited liability corporation with a place of business at 3033 North 44th Street, Phoenix, Arizona and is engaged, *inter alia*, in the business of collecting debts in Massachusetts. At all relevant times, Defendant Cavalry Investments was regularly engaged in collecting and attempting to collect debts alleged to be due another and was a debt collector as that term is defined in FDCPA § 1692a(6).

5. Defendant Cavalry Portfolio Services, LLC (hereafter "Cavalry Portfolio") is a Delaware limited liability corporation with a places of business at 8 Suburban Park Drive, Billerica, Massachusetts and 7 Skyline Drive, Hawthorne, New York, and is engaged, *inter alia*, in the business of collecting debts in Massachusetts. Defendant Cavalry Portfolio is regularly engaged in collecting and attempting to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

6. On information and belief, Defendants' agents were at all times relevant herein employees or agents of Defendant acting within the scope of their employment or agency.

7. Defendant Cavalry Investments has never been licensed in the Commonwealth of Massachusetts with the Division of Banks and Loans, as required by M.G.L. ch. 93 §§ 24-28 and 209 CMR 18.00.

8. Defendant Cavalry Portfolio was not licensed in the Commonwealth of Massachusetts with the Division of Banks and Loans, as required by M.G.L. ch. 93 §§ 24-28 and 209 CMR 18.00 until March 26, 2003.

## FACTUAL ALLEGATIONS

9. On or about March 5, 2003, Defendant Cavalry Investments mailed a letter to Plaintiff demanding payment of a debt allegedly owed to Americredit. This letter was the first communication by Defendants to Plaintiff. A copy of this letter is attached hereto as **Exhibit 1**.

10. The letterhead and return address of the March 5, 2003 letter indicated that it originated from Defendant Cavalry Investments.

11. Defendant Cavalry Investments' March 5, 2003 letter did not contain the written disclosures described in and required by FDCPA § 1602g(a).

12. The alleged debt does not belong to Plaintiff and Plaintiff does not owe the alleged debt.

13. On or about March 24, 2003 Plaintiff mailed a letter to Defendant Cavalry Investments disputing the alleged debt and requesting verification of the alleged debt. A copy of this letter is attached hereto as **Exhibit 2**.

14. On or about July 21, 2003 Defendants mailed to Plaintiff a letter and documents concerning the alleged debt that clearly demonstrate that the alleged debt is not Plaintiff's. A copy of this letter is attached hereto as **Exhibit 3**.

15. The letterhead of the July 21, 2003 letter indicated that it originated from "Cavalry" and the return address was that of Defendant Cavalry Portfolio.

16. On or about October 28, 2003, Defendant's agent telephoned Plaintiff and left a message on his voice mail requesting him to call "immediately" to "our firm" about a "very important matter that we have received today," describing a "case number" and stating that Plaintiff's "payroll department at [his] job" wanted Defendant to try to contact Plaintiff before Defendant "faxed over" information. Defendant's agent did not identify herself nor did she identify Defendant in the message left on Plaintiff's voice mail.

17. At the time of this telephone call, Plaintiff was unemployed.

18. On or about October 29, 2003, Defendant's agent telephoned Plaintiff and left a message on his voice mail stating that it was "imperative" that she speak to him "as soon as possible." Defendant's agent did not identify Defendant in the message left on Plaintiff's voice mail.

3

19. On or about October 30, 2003, Plaintiff contacted Defendant's agent who stated that Defendant was contacted by Trans Union, Equifax and "TRW" because the alleged debt was on Plaintiff's credit report.

20. On November 18, 2003, Defendant Cavalry Portfolio mailed another collection letter to Plaintiff reciting a "balance due" of $1,257.10 and stating that he had an "outstanding balance on your account" and offering to assist him "resolve your outstanding balance."

21. At all relevant times, Defendants were in possession of documents that showed that the alleged debt does not belong to Plaintiff and Plaintiff does not owe the alleged debt.

22. At all relevant times the statute of limitations on the alleged debt had expired.

23. On information and belief, the alleged debt is a consumer "debt" as that term is defined in FDCPA § 1692a(5).

## CAUSE OF ACTION

24. Defendant's conduct has violated FDCPA §§ 1692d, 1692e, 1692f and 1692g.

## PLAINTIFF'S DAMAGES

25. As a result of Defendant's acts and practices described above, the Plaintiff suffered actual damages.

26. Plaintiff is entitled to his actual damages, an award of statutory damages, costs and attorney's fees pursuant to FDCPA § 1692k.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for the Plaintiff against Defendant in the amount of his actual damages;

B.   Enter judgment for the Plaintiff against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k;

C.   Award the Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D.   Grant such other and further relief as may be just and proper.

    Robert A. Lane, Plaintiff
by his Attorney,

*[signature]*

Yvonne W. Rosmarin  BBO #566428
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474
781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

*[signature]*
Yvonne W. Rosmarin



9522 E. 47th Place, Suite H  Tulsa, OK 74145    P.O. Box 472087 Tulsa, OK  74147-2087    (800) 429-0535

March 5, 2003

ROBERT LANE
514 SHIRLEY ST
WINTHROP, MA 02152-1327

RE:  ORIGINATING CREDITOR:       AMERICREDIT
     ACCOUNT NUMBER:              403409956
     TOTAL BALANCE DUE:           $1,222.12
     CAVALRY REFERENCE NUMBER:    01224218

Dear Customer:

This letter will confirm your recent telephone conversation with Cavalry, regarding the above-referenced account. Our records reflect that the payoff amount as of **March 5, 2003**, is **$1,222.12** with interest continuing to accrue.

To ensure proper credit to your account, please include the Cavalry Reference Number **01224218** on your payment. All payments should be sent to:

> Cavalry Investments, LLC
> P.O. Box 27288
> Tempe, AZ 85285

If you have any questions, please call at **(800) 429-0535** during regular business hours from 7AM to 10PM Monday through Thursday, and 7AM through 5 PM, and 7 AM to 11 AM Saturday, Central Standard Time.

Please be advised that this communication is from a debt collector and is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Cavalry

PATRICIA HURST ext. 5410
Account Officer

**EXHIBIT 1**

Robert A. Lane<br>
514 Shirley Street<br>
Winthrop, MA 02152<br>
March 24, 2003

Cavalry Investments, LLC<br>
9522 E. 47th Place, Suite H<br>
Tulsa, OK 74145

    Re: Alleged debt to Americredit<br>
       Acc't No. 403409956<br>
       Cavalry Ref. No. 01224218

Dear Cavalry Investments:

  I dispute the alleged debt referred to in your March 5, 2003 collection letter to me and referenced above. This debt does not belong to me and apparently you have me confused with someone else. Please verify this debt so that you will find out that it does not belong to me. I refuse to pay it because it does not belong to me.

  I have never had any dealings with you or any company named Americredit.

  I am also asking you to remove this information from your files and from my credit report with Equifax, where you have reported it as mine. You have reported it as follows:

Americredit Financ, Account 40340*, 1 Time 90+ days late, Account Transferred or Sold, Auto, Status I9 (Charged off to Bad Debt).

  Please send me something in writing confirming that you have done this.

Sincerely,

*[signature: Robert A. Lane]*

Robert A. Lane

**EXHIBIT 2**



7 SKYLINE DRIVE HAWTHORNE NY 10532  7 SKYLINE DRIVE HAWTHORNE NY 10532  (800) 501-0909
(914) 347-1973  (FAX)

JULY 21, 2003



ROBERT LANE
514 SHIRLEY ST
WINTHROP MA  02152-1327

| RE: | Original Institution: | AMERICREDIT |
|---|---|---|
|  | Original Account Number: | 403409956 |
|  | Cavalry Reference Number: | 01224218 |
|  | Balance Due: | $ 1,241.23 |

Dear ROBERT LANE:

In response to your debt verification request, please be advised of the following:

Enclosed herewith is the information requested between ROBERT LANE and

> AMERICREDIT
> 801 Cherry Street Ste. 3900
> Fort Worth, TX
> 76102

In light of the foregoing response, Cavalry Portfolio Services, LLC has now fully complied with 14USC1692g (b).

Please be advised this communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Jenny Krowe
Cavalry Portfolio Services, LLC

You have the right to make a written or oral request that telephone calls regarding your debt not be made to your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the collection agency. You may contact us by telephone at (877) 222-8257 between 9:00 am and 6:00 pm MST Monday-Friday or in writing at PO Box 27288 Tempe, AZ  85282.

**EXHIBIT 3**